UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

LAW OFFICES OF TIMOTHY CARL
BLAKE, P.A., individually, and on behalf
of all others similarly situated,

     Plaintiff,

vs.                                      **Class Action**

JCM DISTRIBUTORS, LLC, doing business as
JCM COPIERS,

     Defendant.

_____/

## COMPLAINT
and
## JURY DEMAND

This is a class action alleging that the Defendant, JCM Distributors, LLC, a Florida limited liability company doing business as JCM Copiers, violated the Telephone Consumer Protection Act and implementing regulations by sending unsolicited facsimile advertisements to persons and entities that do not contain the legally required opt-out language.  Plaintiff, Law Offices of Timothy Carl Blake, P.A., on behalf of a class of persons similarly situated, seeks statutory damages for each violation.

## PRELIMINARY STATEMENT

1.     The Telephone Consumer Protection Act, as amended by the Junk Facsimile Prevention Act of 2005, 47 U.S.C. § 227 ("TCPA"), is a consumer protection statute that confers on plaintiffs the right to be free from certain harassing and privacy-invading conduct and authorizes an award of damages whenever a violation occurs.  The TCPA provides a private right of action and statutory damages for each violation.  Congress

1

and the Federal Commutations Commission ("FCC") have found that the sending of noncompliant unsolicited fax advertisements causes the common harm of shifting advertising costs to the consumer.

2.     Plaintiff, Law Offices of Timothy Carl Blake, P.A., individually and on behalf of all others similarly situated, brings this action against the Defendant for violations of the TCPA arising from the sending of unsolicited facsimile advertisements to the telephone facsimile machine of the Plaintiff and to the telephone facsimile machines of other persons or entities that do not contain the requisite opt-out notice. The unsolicited facsimile advertisement sent to Plaintiff is attached hereto as Exhibit 1 ("Facsimile Advertisement").

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over this matter pursuant to 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

4.     Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391, as the offending Facsimile Advertisement was sent by or on behalf of Defendant to Plaintiff's facsimile machine in Miami-Dade County, Florida.

## PARTIES

5.     Plaintiff has its principal place of business in Miami-Dade County, Florida, at 66 West Flagler Street, Suite 1201, Miami, FL 33130.

6.     Defendant is a for-profit Florida limited liability corporation. Defendant's principal place of business is located in Miami-Dade County.

## GENERAL ALLEGATIONS

7.     Defendant buys and sells copy machines and related services.

8.     On or about September 19, 2017, Defendant caused the Facsimile Advertisement promoting Defendant's products and services to be transmitted to Plaintiff's telephone facsimile machine at (305) 373-4323.

9.     The Facsimile Advertisement describes particular SHARP brand copiers that Defendant sells and indicates that it will provide them at highly discounted prices.

10.     Defendant's Facsimile Advertisement failed to contain an opt-out notice stating that the recipient may make a request to the sender not to send any future faxes and that failure to comply with the request within 30 days is unlawful.

11.     Upon information and belief, Defendant sent similar unsolicited facsimile advertisements without compliant opt-out notices to the telephone facsimile machines of other persons and entities.

12.     A compliant opt-out notice is required to be included on all unsolicited facsimile advertisements by the TCPA and its implementing regulations, 47 C.F.R. 64.1200(a)(4).

13.     By sending the Facsimile Advertisement, Defendant harmed Plaintiff and the Plaintiff Class by shifting the cost of adverting to the consumer in violation of the TCPA.

## CLASS ACTION ALLEGATIONS

14.     Plaintiff brings this action as a class action, pursuant to Rule 23(a) and 23(b)(3), Federal Rules of Civil Procedure, for statutory damages on behalf of it and a class of all persons similarly situated.

15.     Plaintiff brings this class action pursuant to the TCPA, and is a member of and seeks to represent a class of persons ("Plaintiff Class") defined as:

> "All persons and entities who were sent one or more unsolicited facsimiles to a telephone facsimile machine after October 6, 2013, advertising Defendant's products and/or services, where the advertisement failed to contain an opt-out notice required by 47 C.F.R. 64.1200(a)(4)."

16.     <u>Class Size (Fed. R. Civ. P. 23(a)(1))</u>: Plaintiff, upon information and belief, avers that the proposed class is in excess of 50 persons.  The class size is so numerous that joinder of all members is impracticable and uneconomical.

17.     <u>Commonality (Fed. R. Civ. P. 23(a)(2))</u>: There are questions of law and fact common to all members of the Plaintiff Class.  Common material questions of fact and law include, but are not limited to, the following:

a.   whether the Defendant (or another on its behalf) transmitted an unsolicited facsimile advertisement promoting its goods and services to the telephone facsimile machines of Plaintiff and other members of the Plaintiff Class;

b.   whether Defendant's Facsimile Advertisements contained a TCPA compliant opt-out notice;

c.   whether Defendant's Facsimile Advertisements failed to state that the sender's failure to comply, within 30 days, with a request not to send future advertisements to the recipient's telephone facsimile machine or machines is unlawful;

d.   whether Defendant's Facsimile Advertisements violated the provisions of 47 C.F.R. § 64.1200(a)(4);

e.   whether Plaintiff and the other members of the Plaintiff Class are entitled to statutory damages; and

4

f.  whether Plaintiff and the other members of the Plaintiff Class are entitled to treble damages.

18.  <u>Typicality (Fed. R. Civ. P. 23(a)(3))</u>: The claims of the named Plaintiff are typical of the claims of all members of the Plaintiff Class.   Defendant sent Facsimile Advertisements promoting its products and services to Plaintiff and the Plaintiff Class that failed to contain requisite opt-out language.   Plaintiff raises questions of fact and law common to Plaintiff and the Plaintiff Class.   Plaintiff and the Plaintiff Class share the common injury of having Defendant's advertising costs improperly shifted to them and such injury arises from common conduct.  The Defendant has acted the same or in a similar manner with respect to the named Plaintiff and all members of the Plaintiff Class.

19.  <u>Fair and Adequate Representation (Fed. R. Civ. P. 23(a)(4))</u>: The named Plaintiff will fairly and adequately represent and protect the interests of the Plaintiff Class. Plaintiff is committed to this cause, will litigate it vigorously, and is aware of the fiduciary duties of a class representative.  Plaintiff's interests are consistent with and not antagonistic to the interests of the Plaintiff Class**.**  Plaintiff has a strong personal interest in the outcome of this action and has retained experienced class counsel to represent it and the Plaintiff Class.

20.  Class Counsel is experienced in class action litigation and has successfully litigated class claims.

21.  <u>Predominance and Superiority (Fed. R. Civ. P. 23(b)(3))</u>: A class action is superior to all other available methods for the fair and equitable adjudication of the controversy between the parties.  Common questions of law and fact predominate over any

questions affecting only individual members, and a class action is superior to other methods for the fair and efficient adjudication of the controversy because:

a.  proof of Plaintiff's claims will also prove the claims of the Plaintiff Class without the need for separate or individualized proceedings;

b.  evidence regarding defenses or any exceptions to liability that the Defendant may assert and prove will come from the Defendant's records and will not require individualized or separate inquiries or proceedings;

c.  the Defendant has acted and is continuing to act pursuant to common policies or practices by transmitting unsolicited facsimile advertisements promoting its products and service to the telephone facsimile machines of all members of the Plaintiff Class that fail to contain the opt-out notice required by 47 C.F.R. § 64.1200(a)(4);

g.  the Defendant has acted and is continuing to act pursuant to common policies or practices by transmitting unsolicited facsimile advertisements promoting its products and/or services to the telephone facsimile machines of all members of the Plaintiff Class that do not contain an opt-out notice required by 47 C.F.R. § 64.1200(a)(4);

d.  the amount likely to be recovered by individual class members does not support individual litigation;

e.  a class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one proceeding based upon common proofs; and

f.  this case is inherently manageable as a class action in that:

    i.    the Defendant and/or its agents identified persons or entities to receive the facsimile advertisement transmissions and it is believed that the Defendant's computer and business records, or that of its agents, will enable the Plaintiff to readily identify class members and establish liability and damages;

    ii.    liability and damages can be established for the Plaintiff and the Plaintiff Class with the same common proofs;

    iii.    statutory damages are provided for in the statute and are the same for all Plaintiff Class members and can be calculated in the same or a similar manner;

    iv.    a class action will result in an orderly and expeditious administration of claims and it will foster economics of time, effort and expense;

    v.    a class action will contribute to uniformity of decisions concerning the Defendant's practices; and

    vi.    as a practical matter, the claims of the members of the Plaintiff Class are likely to go unaddressed absent class certification.

<u>**Count 1**</u>
<u>**Claim for Relief for Violations of the TCPA**</u>

22.    Plaintiff and the Plaintiff Class reassert and incorporate herein by reference the averments set forth in paragraphs 1 through 21 above.

23.    This is an action by named Plaintiff and the Plaintiff Class against the Defendant, for violations of the TCPA.

24.    Defendant violated the TCPA (47 C.F.R. § 64.1200(a)(4)), which applies to all unsolicited facsimiles advertisements, by causing the transmission of unsolicited

facsimile advertisements to Plaintiff and to the members of the Plaintiff Class that failed to contain the requisite opt-out notice.

25.    The rules at 47 C.F.R. § 64.1200 (a)(4)(iii) specify that the opt-out notice contained in all unsolicited fax advertisements must: (1) be clear and conspicuous and on the first page of the ad; (2) state that the recipient may make a request to the sender not to send any future ads and that failure to comply, within 30 days, with a request is unlawful; and, (3) contain a domestic contact telephone number and fax number for the recipient to transmit an opt-out request.

26.    The named Plaintiff and the members of the Plaintiff Class are entitled to $1,500 in statutory damages against the Defendant for each unsolicited facsimile advertisement promoting its products and/or services that was knowingly and willfully sent to a telephone facsimile machine that did not contain a TCPA compliant opt-out notice.

27.    In the alternative, the named Plaintiff and the members of the Plaintiff Class are entitled to $500 in statutory damages against the Defendant for each unsolicited facsimile advertisement promoting its products and/or services that was negligently sent to a telephone facsimile machine that did not contain a TCPA compliant opt-out notice.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demand judgment in its favor and against the Defendant and request an order:

A. certifying this action as a class action pursuant to Rule 23, appointing Plaintiff, Law Offices of Timothy Carl Blake, P.A., as the representative of the class, and appointing Plaintiff's undersigned counsel as counsel for the class;

B.  finding that the Defendant caused unsolicited facsimile advertisements to be sent to class members that failed to contain the opt-out notice required by the TCPA and its implementing regulations;

C.  finding that the Defendant is liable to pay statutory damages of $1,500 for each unsolicited facsimile advertisement that was knowingly and willfully sent to a class member, that failed to contain the opt-out notice required by the TCPA and its implementing regulations;

D.  finding that, in the alternative, Defendant is liable to pay statutory damages of $500 for each unsolicited facsimile advertisement that was negligently sent to a class member that failed to contain the opt-out notice required by the TCPA and its implementing regulations;

E.  entering a judgment in favor of the Class Representative for the total amount of statutory penalties plus pre-judgment interest and allowable costs;

F.  requiring Defendant to pay a court appointed trustee the full amount of the penalties, interest and costs to be distributed to the Plaintiff Class members after deducting costs and fees as determined by the Court;

G.  awarding equitable reasonable attorneys' fees and costs incurred in connection in this action and an incentive bonus to Plaintiff, to be deducted from the total amount of penalties, interest and costs before the pro-rata amounts are distributed by the trustee to the Plaintiff Class members; and

H.  granting supplemental equitable relief as may be appropriate.

## JURY DEMAND

Plaintiff and the Plaintiff Class demand trial by jury on all issues that can be heard by a jury.

Respectfully submitted,

Shawn A. Heller, Esq.
Florida Bar No. 46346
shawn@sjlawcollective.com
Joshua A. Glickman, Esq.
Florida Bar No. 43994
josh@sjlawcollective.com

Social Justice Law Collective, PL
434 Skinner Blvd., #206
Dunedin FL 34698
Tel: (305) 323-6433

Peter Bennett
Florida Bar No. 68219
peterbennettlaw@gmail.com
Richard Bennett
Florida Bar No.150627
richardbennett27@gmail.com

Bennett & Bennett
1200 Anastasia Ave., Ofc 360
Coral Gables, Florida 33134
Tel: (305) 444-5925

By:   *s/ Richard Bennett*
        Richard Bennett